IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN PABLO VAZQUEZ,** | : | |
| | : | **Civil No. 1:15-CV-0350** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NANCY GIROUX,** *et. al.*, | : | |
| | : | **Judge Sylvia H. Rambo** |
| **Respondents** | : | |

## M E M O R A N D U M

Before the court is a report and recommendation of the magistrate judge in which he recommends that Juan Pablo Vazquez's ("Petitioner") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the report and recommendation, and the time to respond to the objections has lapsed. Accordingly, the matter is ripe for disposition. For the reasons that follow the report and recommendation of the magistrate judge will be adopted.

## I.    Background[1]

Petitioner was convicted in the court of Common Pleas of Susquehanna County on three counts related to drug trafficking. The charges stemmed from a July 21, 2010 traffic stop in which drugs were found in Petitioner's car. Petitioner was stopped by Pennsylvania State Police Trooper Thomas Horan ("Horan") for following another vehicle too closely. Horan asked Petitioner to exit the vehicle in

---

[1] The facts cited herein were taken from the report and recommendation. (Doc. 15, pp. 2-3.)

order to explain the nature of the traffic stop, and prepared a written warning which Petitioner signed.  After initially telling Petitioner that he was free to leave, Horan returned to Petitioner's vehicle and asked if he could ask Petitioner a few additional questions.  At this point, Horan noticed a strong odor of cologne and air freshener inside the vehicle and also observed that Petitioner appeared extremely nervous.[2]  In addition to the odors and Petitioner's visible anxiety, he also gave a travel narrative that made no sense and provided false information regarding his criminal history, which Horan learned included an arrest for cocaine delivery in the State of New York for which Petitioner was still serving probation. Horan asked for Petitioner's permission to search the vehicle, which Petitioner granted.

Upon searching the vehicle, Horan discovered and seized two kilograms of cocaine and placed Petitioner under arrest.  The arrest lead to Petitioner's conviction, against which he pursued both direct and collateral challenges.

## II.   <u>Discussion</u>

Petitioner argues that the moment of freedom after Horan had him sign the written warning and said he was free to leave ceased when Horan asked him the second series of questions, thereby making the subsequent search and seizure illegal.  (Doc. 16, pp. 4-5.)  Petitioner presented the same argument before

---

[2] Horan testified that drug traffickers often use cologne and air fresheners to mask the odor of drugs.

Pennsylvania state courts on direct appeal and collateral challenge, but he now claims that those courts made unreasonable determinations of the facts.

The magistrate judge thoroughly discussed the limited review that a federal court has when presented with a § 2254 petition.  Namely, the court may not grant habeas relief on a claim that has been adjudicated on its merits in a state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 97-98 (2011).

Here, Petitioner's claims regarding the legality of Horan's search of his vehicle and the events preceding the search were presented to, and adjudicated on their merits by, the state courts in Pennsylvania.  Petitioner does not argue that there has been any unreasonable application of clearly established federal law, and other than baldly claiming that the state courts were in error, gives no explanation as to how those courts made any unreasonable determination of the facts in light of the evidence presented in this case.

### III.   **Conclusion**

Based on the foregoing, the court finds that Petitioner has failed to state a basis for his request for habeas corpus relief pursuant to 28 U.S.C. § 2254. Accordingly, the court will adopt the report and recommendation of the magistrate judge and deny the petition.

An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: July 6, 2016